UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| JOHN PEREZ GRAPHICS & DESIGN, LLC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 3:12-cv-4194-M |
| GREEN TREE INVESTMENT GROUP, INC., | § § § | |
| Defendant. | § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Entry of a Default Judgment, filed by Plaintiff John Perez Graphics & Design, LLC ("John Perez") [Docket Entry #10]. This action commenced on October 18, 2012, and Defendant Green Tree Investment Group, Inc. ("Green Tree") was properly served with a summons and Complaint on October 26, 2012. To date, Defendant has failed to respond to Plaintiff's Complaint or otherwise appear in this case. The Clerk made an entry of default on November 28, 2012. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Entry of a Default Judgment against Green Tree.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court accepts the facts alleged by Plaintiff in its Complaint and supporting affidavits as true, as Defendant has failed to appear in this matter.[1] John Perez, a Texas company with its principal place of business in Richardson, Texas, produces graphics and illustrations for license

---

[1] *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

to businesses, including those in the oil and gas industry. *Pl.'s Compl.* at 1–2. Green Tree, a Texas company with its principal place of business in Round Rock, Texas, provides a range of professional services and investment products to the energy sector. *Id.*

In or around 2010, Plaintiff created an original graphic entitled "Eagle Ford Shale Road Sign Graphic" (hereinafter referred to as "Plaintiff's Registered Work") and obtained a federal registration on same, effective January 10, 2011. *Pl.'s Compl.* at Ex. A. The graphic features two road signs, entitled Eagle Ford Drive and Shale Road, intersected and attached on top of a street pole. This intersection does not actually exist and instead is the product of John Perez's graphic design work.

On or around September 15, 2011, Defendant obtained the URL "www.greentreeinvestment.com" as its web address to advertise its products and services. *Pl.'s Compl.* at 2. Defendant displayed Plaintiff's Registered Work on its website under the "Greentree Products" section, as shown in the screen capture of Defendant's website attached to Plaintiff's Complaint. *Pl.'s Compl.* at Ex. C. Plaintiff alleges that Defendant intentionally removed Plaintiff's copyright management information from association with Plaintiff's Registered Work and instead provided its own false copyright ownership information in association. *Id.*

On October 18, 2012, Plaintiff filed this action, alleging an action for copyright infringement under the United States Copyright Act (17 U.S.C. § 101) and for violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202). The same day, a summons as issued for Green Tree. The summons was returned executed on November 7, 2012 [Docket Entry #7]. Plaintiff made one attempt to serve Defendant's registered agent at the registered office and four attempts to serve the registered agent at his address listed with the Texas Secretary of State,

before requesting alternative service of process through the Texas Secretary of State. Based on the record demonstrating Plaintiff's attempts to serve Green Tree's registered agent [Docket Entry #15], the Court finds that Plaintiff exercised reasonable diligence before serving process on the Secretary of State,[2] and thus service of process was effective under Federal Rule of Civil Procedure 4(e)(1) and § 5.251 of the Texas Business and Organizations Code. *See BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App.—Eastland 2012, no pet.).

Green Tree did not answer or otherwise respond to Plaintiff's Complaint within twenty-one days, as required by Federal Rule of Civil Procedure 12. On November 28, 2012, Plaintiff requested an Entry of Default against Green Tree, which was entered the same day by the Clerk's Office [Docket Entry #9]. On December 12, 2012, Plaintiff filed a Motion for Entry of a Default Judgment against Green Tree [Docket Entry #10]. Citing Green Tree's wrongful use of Plaintiff's Registered Work, Plaintiff seeks a default judgment in the amount of $7,500.00 for copyright infringement, $10,000 for a violation of the Digital Millennium Copyright Act ("DMCA") violation, $9,479 for attorney's fees, $743.75 for court costs, and pre-judgment interest and post-judgment interest as permitted by law. Green Tree has not timely responded to this Motion, rendering it ripe for the Court's consideration.

## II. JURISDICTION

The Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338 because it arises under the U.S. Copyright Act, 17 U.S.C. § 101, and the DMCA, 17 U.S.C.

---

[2] Proper service of process is required to obtain a default judgment. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Texas law, the secretary of state may be an agent for service of process if the defendant is a filing entity and its registered agent cannot with reasonable diligence be found at the registered office of the entity. Tex. Bus. Org. Code Ann. § 5.251. Texas courts have held that reasonable diligence does not require the process server to attempt to find the registered agent at any other address than the address for the registered office. *See BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App.—Eastland 2012, no pet.)

§ 1202.

### III.    ANALYSIS

Rule 55 (b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. A default judgment is available as long as the plaintiff establishes: (1) the defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940;[3] and (4) if the defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) (citing Federal Rule of Civil Procedure 55(b)(2)).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise.[4] *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). *See also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)

---

[3] The Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app § 501, provides specific requirements that must be fulfilled before a default judgment may be entered.

[4] The plaintiff is responsible for properly serving the defendants with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Once served, a defendant must respond to the complaint within twenty-one days of service. Fed. R. Civ. P. 12(a)(1)(A)(i).

("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)). *See also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

Here, after considering the record as a whole, the Court finds that a default judgment is warranted. First, as a corporation, Green Tree is neither a minor nor an incompetent person, nor can it be active in military service. *See* Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521(a),(b)(1)(A)–(B). Second, Green Tree has not filed a responsive pleading or otherwise appeared in this case, and thus has not contested any facts presented in Plaintiff's Complaint. *Lindsey*, 161 F. 3d at 893; *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Third, Green Tree's failure to respond to Plaintiff's Complaint threatens to

bring the adversary process to a halt, effectively prejudicing Plaintiff's interests in pursuing its rights afforded by law. *Lindsey*, 161 F.3d at 893. Fourth, there is no evidence before the Court that "a good faith mistake or excusable neglect" caused the default. Green Tree has had over five months to answer or otherwise respond to Plaintiff's Complaint, mitigating the harshness of a default judgment. Fifth, Plaintiff seeks only the relief to which it is entitled under the law, and the Court is aware of no applicable defense. *See Helena Chemical Co. v. Goodman et al.*, No. 5:10-cv-121, 2011 WL 1532200, at *1 (S.D. Miss., Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint). Finally, based on the facts known to the Court, there is no "good cause" for which it would be obligated to set aside the default if later challenged by Green Tree. *See Lindsey*, 161 F.3d at 893; *CJC Holdings v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

The Court notes that there is a sufficient basis in the pleadings to support a default judgment, and damages can be calculated with reasonable certainty without a hearing. *Lindsey*, 161 F.3d at 893; *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Plaintiff's Complaint alleges copyright infringement and a DMCA violation. To succeed on a claim of copyright infringement, a claimant must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340 (1991). The first element, copyright ownership, is shown by proof of originality and copyrightability, and compliance with the applicable statutory requirements. *See id.*; *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 408 (5th Cir. 2004). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least a minimal degree of

creativity." *Feist*, 499 U.S. at 345 (1991). As to the second element, the plaintiff must prove actionable copying and substantial similarity between the copyrighted work and the allegedly infringing work. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003).

The Court concludes that Plaintiff's Complaint contains facts sufficient to establish the necessary elements of its copyright infringement claims against Defendant. As to the first element, Plaintiff's copyright registration is *prima facie* evidence of its ownership and validity. Plaintiff's Registered Work was first published on January 4, 2011, and the copyright registration became effective on January 10, 2011—less than one year following publication. *See Dagel v. Resident News, LLC*, No. 2012 U.S. Dist. LEXIS 79789, *20 (N.D. Tex. June 8, 2012) (citing 17 U.S.C. § 410(c)). Plaintiff's work also meets the originality requirement, as the graphic purports to be independently created by Plaintiff and possesses at least some minimal degree of creativity.

As to the second element of copyright infringement, Plaintiff's Complaint establishes that Defendant utilized an exact, full copy of Plaintiff's Registered Work on Defendant's website, without authorization. Indeed, the screenshot of Defendant's website attached to Plaintiff's Complaint demonstrates that Defendant used Plaintiff's Registered Work in its entirety. As to damages, Plaintiff pled that its Registered Work would normally be licensed for use on a licensee's website for $2,500.00. As this amount is within the range of statutory damages, the Court finds that this amount is a reasonable award to Plaintiff. *See* 17 U.S.C. § 504(c)(1).

The Court must also determine whether Defendant's actions were willful to support an award of enhanced damages. *See* 17 U.S.C. § 504(c)(2). Plaintiff's Registered Work, as displayed on Plaintiff's advertising website (www.geoart.com) and its advertising flyer (Pl.'s App. at 14 ¶ 8), was associated with copyright management information. According to

Plaintiff's Complaint, Defendant copied Plaintiff's Registered Work from Plaintiff's advertising website or flyer and removed the associated copyright management information from the Registered Work prior to placing it on Defendant's website. Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation, and an award of enhanced damages in the amount of $5,000 is warranted. *See* 17 U.S.C. § 504(c)(2).

As to the DMCA violation, section 1202(a) of the DMCA prohibits a person from "knowingly and with the intent to induce, enable, facilitate, or conceal infringement: (1) provide copyright management information that is false; or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202. Based on the entry of default, Plaintiff's allegations of Defendant's removal of copyright management information and placing false copyright management information on Plaintiff's Registered Work are taken as true. Plaintiff has shown that Defendant violated section 1202(a) of the DMCA by removing Plaintiff's copyright management information and substituting Defendant's copyright management information in the form of Defendant's copyright notice at the bottom of its webpage. The Court concludes that an award of $10,000.00 in statutory damages for the DMCA violation is appropriate under 17 U.S.C. § 1202, which allows for an award of up to $25,000.00 for each violation.

As for attorney's fees, in a civil action for copyright infringement, "the court in its discretion may allow the recovery of full costs . . . [and] reasonable attorney's fees to the prevailing party." *Rmc Publ'ns., Inc. v. Doulos Pm Training*, No. 3:07-cv-2139, 2010 U.S. Dist. LEXIS 18757 (N.D. Tex. Mar. 3, 2010). Based on the facts presented in Plaintiff's Complaint,

the Court, in its discretion, awards Plaintiff reasonable and necessary attorney's fees in the amount of $9,479.00, and an additional $743.75 in costs incurred in the litigation. The Court also awards Plaintiff prejudgment and post-judgment interest on the damages awarded.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall recover against Defendant as follows:

1. $7,500 for copyright infringement;
2. $10,000 for the DMCA violation;
3. $9,479 in attorney's fees;
4. $743.75 for costs of Court;
5. Interest at the rate of 5% per annum from October 18, 2012, the date Plaintiff filed its Complaint, to the date of this judgment; and
6. Post-judgment interest at the rate of .12% per annum from this date until the judgment is fully paid.

**SO ORDERED.**

Dated: May 1, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS